# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: | |
| EEE AUTO SALES, INC., | Case No. 10-20539-RGM (Chapter 11) |
| Debtor. | |
| In re: | |
| EEE OF FAIRFAX, LLC, | Case No. 10-20540-RGM (Chapter 11) |
| Debtor. | |
| In re: | |
| EEE AUTOMOTIVE, INC., | Case No. 10-20541-RGM (Chapter 11) |
| Debtor. | |
| In re: | |
| EEE OF STERLING, INC., | Case No. 10-20542-RGM (Chapter 11) |
| Debtor. | |

## **MEMORANDUM OPINION**

The question presented is whether money in the debtors' bank account which is from registration and title fees and sales tax collected by the debtors on the sale of motor vehicles, are proceeds subject to the security interest of Automotive Finance Corporation.[1]

The lender had a blanket lien on all assets of the debtors. It asserts that all of the money in the debtors' bank accounts is subject to its lien. The money in the bank accounts was derived

---

[1]The issue is not whether the title and registration fees and sales taxes are property of the estate or whether the fees and taxes are subject to a trust, but the extent of the lender's security interest. *See Begier v. Internal Revenue Service*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990).

1

primarily from the sale of motor vehicles subject to the lender's lien. However, in connection with each sale, the debtors collected title and registration fees and sales taxes. They were separately itemized on each sales contract. The fees and taxes have not been paid to the state and the consumers cannot get titles or license plates without the payment of these fees and taxes. The question is whether these fees and taxes which were in the debtors' bank accounts are subject to the lender's security interest.

Section 8.9A-102(64) of the Code of Virginia (1950) defines proceeds as:

(A)     whatever is acquired upon the sale, lease, license, exchange, or other disposition of collateral;

(B)     whatever is collected on, or distributed on account of, collateral;

(C)     rights arising out of collateral;

(D)     to the extent of the value of collateral, claims arising out of the loss, nonconformity, or interference with the use of, defects or infringement of rights in, or damage to, the collateral; or

(E)     to the extent of the value of collateral and to the extent payable to the debtor or the security party, insurance payable by reason of the loss or nonconformity of, defects or infringement of rights in, or damage to, the collateral.

None of the fees or taxes are proceeds from the sale of the vehicles. They are in addition to, and are not a part of, the value of the vehicles. The debtors were obligated to use them to register the vehicles they sold. The fees and taxes are a necessary part of the transaction to sell a vehicle, but are not derived from the value of the vehicle itself.

The lender had no expectation that it would ever have a security interest in the fees or taxes. It knew, as a lender financing automobile dealerships, that upon the sale of most vehicles, the consumer borrows money from a new lender to finance the purchase. In order for the consumer's lender to loan the money to purchase the vehicle to pay the debtors' lender and obtain a release of the debtors' lender's lien, the consumer's lender must receive a first lien on the vehicle. In order

2

to receive a first lien, the vehicle must be registered with the appropriate Department of Motor

Vehicles.  In order for it to be registered, the title and registration fees and sales taxes must be paid.

Only when the title and registration fees and sales taxes are paid, will the vehicle be registered, the

title issued, a lien placed on the title in favor of the consumer's lender, and the new loan proceeds

disbursed to the debtors' lender.  This is made clear by each sales contract where the fees and taxes

are separately itemized and are in addition to the sales price of the vehicle.  The title and registration

fees and the sales taxes are not proceeds from the sale of the motor vehicles and the debtors' lender

does not have a security interest in them.

Alexandria, Virginia
May 26, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Dylan G. Trache
James W. Reynolds
Joseph A. Guzinski
Brian P. Waagner

16878

Copy mailed to:

Andrew T. Kight
Taft Stettinius & Hollster, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204